FILED



JUN 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHAHZAD ARBANI, | No. 11-70813 |
| Petitioner, | Agency No. A095-605-710 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

1. The BIA properly addressed and denied Arbani's withholding of removal claim.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Arbani did not testify credibly, so he was unable to establish eligibility for withholding of removal. Although only one inconsistency is necessary for an adverse credibility finding, the immigration judge (IJ) found Arbani not credible for two different reasons. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Both reasons go to the heart of the matter, and the IJ's determinations are supported by substantial evidence. First, the IJ found that Arbani failed to testify credibly in order to establish his identity. *See Farah*, 348 F.3d at 1156. Arbani submitted multiple documents with different names, including two genuine passports in two separate names. None of the documents established his identity. Further, the false passport Arbani used to gain entry into the United States contained a false United States entry stamp. When confronted with the various inconsistencies in his identity documents, Arbani was not able to adequately explain them.

Second, the IJ found Arbani failed to testify credibly with regard to his role and membership in the Muttihada Quami Movement - Altaf (MQM), which was the basis of his alleged persecution. When confronted, Arbani was not able to

---

[1] Arbani does not challenge the BIA's conclusion that his asylum application was barred.

provide a reasonable explanation for the inconsistencies between his testimony and declaration regarding the level of his involvement in the MQM.

2. The BIA properly addressed and denied CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283-84 (9th Cir. 2001). In addition to Arbani's lack of credibility, the BIA evaluated Arbani's claim and concluded that he did not present any documentary evidence that would suggest he would be subjected to torture if he returns. The record does not compel a finding that it is more likely than not that he would be tortured if returned to Pakistan. *See Farah*, 348 F.3d at 1156-57.

**PETITION DENIED.**